These are consolidated appeals from the order of the Alabama Public Service Commission ("the Commission"), entered on June 10, 1985, which extended the operation of Rate RSE (Rate Stabilization and Equalization) and Rate CNP (Certified New Plant) for Alabama Power Company.[1] We affirm.
The instant appeals result from the following sequence of events.
On November 17, 1982, the Commission issued an opinion and order adopting Rate RSE and Rate CNP for use by Alabama Power for a period ending December 31, 1984. Before issuing the order, the Commission held two hearings in which extensive discussions took place between members of the Commission, Alabama Power, the attorney general's office, and the Alabama Industrial Group and Alabama Legal Services Corporation. In the November 17 order, the Commission provided that Rates RSE and CNP may continue after January 1, 1985, pursuant to an affirmative vote of the Commission. This order was affirmed on appeal by this Court in Alabama Metallurgical Corp. v. AlabamaPublic Service Commission, 441 So.2d 565 (Ala. 1983).
In December 1984, Alabama Power requested by letter that the Commission extend and continue Rates RSE and CNP. The Commission issued written notice of a special meeting to consider Alabama Power's requested continuation of Rates RSE and CNP, which stated that all interested parties could address any written comments to the Commission secretary prior to the special meeting, or could be present at the meeting. On December 20, 1984, the Commission held the special meeting and issued an order extending Rates RSE and CNP (and the special rules related thereto) for a period not beyond June 30, 1985. The Commission stated that prior to June 30 a review of the operation of Rates RSE and CNP would be held wherein interested parties would be allowed to participate in discussions concerning these rates. The Commission directed Alabama Power to submit written comments, on or before January 7, 1985, concerning any possible changes to Rates RSE and CNP. In response to this directive, Alabama Power submitted a written request that Rates RSE and CNP be continued in their then-existing form, except that it requested that a footnote be *Page 23 
added to "Appendix B" of Rate RSE to confirm an existing practice.
Intervenors were also requested to file their comments on or before January 22, 1985, concerning their positions with regard to any needed changes or modifications to the rates or rules. Thereafter, the appellants, Airco, Inc., et al. (hereinafter the Alabama Industrial Group) and Emma Jackson (represented by Legal Services Corporation of Alabama), along with the Governor's Public Staff for Utility Consumer Protection,[2] filed their petitions for intervention. Neither appellant offered any constructive suggestions concerning the rates, but merely voiced their objections to the entire concepts contained therein. Both appellants also moved for a public hearing to discuss the matter.
Several public meetings were held to discuss proposed modifications or refinements to the existing rates. At almost every one of these, the appellants renewed their requests forformal, public hearings and stated that they wanted to present evidence, and consistently rejected the Commission's proposal that this matter could be settled through negotiation.
On May 29, 1985, the Commission convened a special meeting of the parties pursuant to a previously issued notice, which notice instructed the parties to come to the meeting prepared to discuss any modifications of Rates RSE and CNP. At the meeting, the Alabama Industrial Group renewed its request for full rate hearings and expressly opposed the continuation of Rates RSE and CNP. Several more meetings were held, and on June 6, 1985, the Commission, the Governor's Public Staff, and Alabama Power announced that a settlement of the case had been reached. According to the terms of the agreement, certain safeguards and limitations were placed on Rates RSE and CNP,but there were no changes made to the fixed formulae in therates.
On June 7, 1985, Alabama Power filed Rates RSE and CNP, incorporating the above-referred-to modifications, and the Commission approved of the filing in its final order dated June 10, 1985. These appeals followed.
Appellants claim that they were denied due process of law because they were not afforded a statutorily prescribed public hearing. Appellants contend that in December of 1984, Alabama Power filed rates which sought to change or modify Rates RSE and CNP. In December 1984 the Commission decided to continue the Rates RSE and CNP for six months while it reviewed past operations under them to see if modifications were warranted. It gave public notice, solicited written comments and intervention, and called a "pre-hearing conference." Appellants argue that under these circumstances it is clear that Code ofAlabama 1975, § 37-1-81 (b), was invoked, and, therefore, that appellants were entitled to a full, fair, and public hearing and the opportunity to present evidence. We do not agree.
Section 37-1-81 (a) provides that if a utility desires a new rate or service regulation, "or to change any existing rate orservice regulation," it must file a new schedule with the Commission. Section 37-1-81 (b) then provides:
 (b) To enable it to make such investigation, as in its opinion, the public interest requires, the commission, in its discretion, for a period not exceeding six months may suspend the operation of any new schedule of rates or service regulations filed with the commission. . . .
Thus, before this statute would have been applicable, Alabama Power must have sought a new rate or a change in an existing rate. As we have already stated, however, Alabama Power never filed any new rates, but simply requested that the Commissioncontinue the existing Rates RSE and CNP. Therefore, since the basic requirement of § 37-1-81 (b) has not been met in this case, it is inapplicable. *Page 24 
We are of the opinion that the Commission has done more than it was required to do, and that this could have caused the appellants to believe that they were entitled to a public hearing when no such hearing was mandated. When Rates RSE and CNP were established in 1982, the Commission could have done so without setting a "termination date." Realizing, however, that these rates were new and experimental, it placed a December 1984 "termination date" on them. In doing so, it stated that they would cease to operate without an affirmative vote of the Commission to continue them. In December 1984, the Commission chose to allow any interested parties to make any comments or suggestions concerning Rates RSE and CNP, and scheduled several public meetings to facilitate this process. The Commission at no time called a formal, public hearing. It is clear that the meetings were concerning the continuation of the existing rates, and that, since Alabama Power did not seek a change in rates necessary for the triggering of § 37-1-81 (b), this statute does not apply.
In a related argument, appellants contend that the June 1985 order of the Commission is not supported by any evidence and is, therefore, without legal basis. Again, since § 37-1-81 (b) does not apply to mandate that the Commission hold a formal hearing, no additional evidence was required to support the continuation of the rates. When the rates were first established in 1982, they were supported by evidence, and the formulae set up at that time contained internal correction procedures which operated without the necessity of changing the rates.
It is clear to this Court that the appellants seek to have us abolish Rates RSE and CNP. The validity of these rates was affirmed by this Court in Alabama Metallurgical Corp. v.Alabama Public Service Commission, supra, and we are not persuaded that our decision there was unsound.
We are quick to point out at this time that the appellants could have challenged the effectiveness of Rates RSE and CNP through the use of Code of Alabama 1975, § 37-1-83. That section states in pertinent part:
 Upon a complaint in writing made against any utility by any mercantile, agricultural or manufacturing society, or by any body politic or municipal organization, or by any affected person, that any rate, service regulation, classification, practice or service in effect or proposed to be made effective is in any respect unfair, unreasonable, unjust or inadequate, or unjustly discriminatory, or unduly preferential, or constitutes unfair competition, or that the service is inadequate or cannot be obtained, the commission shall proceed, and without such complaint, the commission, whenever it deems that the public interest so requires, may proceed, after notice as provided in this division, to make such investigation as it may deem necessary or appropriate; but no order affecting such rates, service regulation, classification, practice, or service complained of shall be entered by the commission without notice and a hearing. . . .
Pursuant to this statute, if the appellants wanted to challenge the rates, they could have filed a complaint, but neither chose to do so. Thus, of the two statutes which might have afforded the appellants relief, § 37-1-81 (b) was inapplicable because the requirements for its use were not met, and § 37-1-83 was simply not used.
Accordingly, the order of the Alabama Public Service Commission is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
BEATTY, J., not sitting.
[1] A detailed description and analysis of Rates RSE and CNP can be found in Alabama Metallurgical Corp. v. Alabama PublicService Commission, 441 So.2d 565 (Ala. 1983).
[2] The Governor's Public Staff did not appeal from the Public Service Commission's order. *Page 25